# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**ROBERT JEROME BYERS**,

               Petitioner,

    v.

**BRIDGETT AMSBERRY**,

               Respondent.

Case No. 2:17-cv-734-AC

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation ("F&R") in this case on May 17, 218. ECF 25. Judge Acosta recommended that the Court deny Petitioner's Petition for Writ of Habeas Corpus (ECF 1), and that the Court decline to issue a Certificate of Appealability.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Petitioner timely filed an objection. ECF 27. Petitioner argues that the F&R failed to address Petitioner's request for an evidentiary hearing, mischaracterized the "actual innocence" standard under *Schlup v. Delo*, 513 U.S. 298 (1995), and erred in finding that Petitioner has not demonstrated "actual innocence," which Petitioner argues he would produce evidence of at an evidentiary hearing. Petitioner also objects to the F&R's overall finding that Petitioner's Petition for Writ of Habeas Corpus should be denied.

The Court has reviewed *de novo* Judge Acosta's F&R, as well as Petitioner's objections and the State's response. The Court concludes, first, that Judge Acosta properly characterized the "actual innocence" standard. The Court also agrees with Judge Acosta's reasoning and conclusion that Petitioner has failed to demonstrate "actual innocence." As Judge Acosta discussed, the "miscarriage of justice" exception to AEDPA, which Petitioner seeks to rely on, requires a showing of "actual innocence," as described in *Schlup v. Delo*, 513 U.S. 298 (1995). "[T]he 'miscarriage of justice' exception is not an independent avenue to relief. Rather, if established, it functions as a 'gateway,' permitting a habeas petitioner to have considered on the merits claims of constitutional error that would otherwise be barred." *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997). In order to pass through this gateway, a "petitioner is required to present 'evidence of innocence' such that 'a court cannot have confidence in the outcome of the trial.'" *Id*. at 478. Such evidence must be "reliable" and "not presented at trial." *Schlup*, 513 U.S. 298, 324 (1995). Petitioner relies primarily on previous testimony where he stated that "[e]verything was consensual." In his *pro se* filings, which Petitioner filed before he was appointed counsel in this matter, Petitioner also asserted that another person has confessed to the crime for which Petitioner was convicted, and that Petitioner has contacted the victim, who effectively corroborated Plaintiff's version of events. Petitioner has not, however, submitted any

evidence to support these assertions, such as declarations or affidavits from these two other individuals. The Court concurs in Judge Acosta's finding that this is insufficient to meet Petitioner's burden under *Schlup*.

Petitioner further argues that Judge Acosta erred in "fail[ing] to address [Petitioner's] request for an evidentiary hearing." ECF 27 at 3. The Court's review of the record, however, has not uncovered any request for an evidentiary hearing. Thus, Judge Acosta did not err in failing to address such a request. Petitioner does, however, request an evidentiary hearing in his objection to the F&R. Petitioner asserts that at such a hearing, he would produce "reliable" evidence supporting his statement that "[e]verything was consensual."

Generally, "a habeas petitioner is entitled to an evidentiary hearing if: (1) the allegations in his petition would, if proved, entitle him to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001) (emphasis omitted). As discussed, however, the issue is not, at this stage, whether Petitioner is *entitled to habeas relief*, but whether Petitioner's procedural default can be excused due to a showing of "actual innocence."

In *Weeks v. Bowersox*, the Eight Circuit reviewed a claim procedurally similar to Petitioner's, and discussed the extent to which an evidentiary hearing on the *Schlup* gateway was required. 119 F.3d 1342 (8th Cir. 1997). Other than his own affidavit, Weeks had "not presented a scintilla of evidence to support his claims." *Id*. at 1352. "At bottom, Weeks only [gave] his word that he is innocent and that he can produce evidence to prove it." *Id*. The court concluded that this "bare, conclusory assertion" of innocence was "not sufficient to invoke the exception." *Id*. at 1352-53. The court characterized Weeks' request for a hearing on that evidence as one for a "prehearing hearing" to "develop the evidence needed to proceed through the actual innocence

gateway." *Id.* at 1353. The court rejected this request, finding that "[a] federal court's relitigation of the factual basis for Weeks's conviction . . . would run afoul of bedrock principles of finality, comity, and judicial economy." *Id.* at 1354. The court concluded, that "[r]eview of the facts sustaining Weeks's conviction is barred unless Weeks actually makes the requisite showing to excuse his failure to develop exculpatory evidence in state court." *Id.*

The Court agrees with the reasoning in *Weeks*. Petitioner cites no authority to suggest that the Court is bound by standards for evidentiary hearings generally applicable to habeas claims, as compared to excuses for procedural default.[1] Rather, Petitioner argues that the Court has general discretion to order an evidentiary hearing on the issue of actual innocence. Based on the record in this case, the Court concludes that Petitioner has failed to meet the *Schlup* standard to excuse his procedural default, and that an evidentiary hearing on this matter is not warranted.

The Court **ADOPTS** Judge Acosta's Findings and Recommendation, ECF 25. Petitioner's Petition for Writ of Habeas Corpus (ECF 1) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 18th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] Similarly, courts have held that the *limitation* on evidentiary hearings enunciated in 28 U.S.C. § 2254(e) does not limit evidentiary hearings on procedural default issues such as *Schlup*. *See Telequz v. Pearson*, 689 F.3d 322, 331 n.6 (4th Cir. 2012) (collecting cases).